UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ] |
| | ] |
|    Plaintiff, | ] |
| v. | ] |
| | ] No. 15 CR 379-06 |
| KEVIN GARDNER, | ] |
| | ] Honorable Gary Feinerman, |
| | ] Judge presiding. |
|    Defendant. | ] |

**DEFENDANT'S MOTION IN LIMINE**

COMES NOW the Defendant, KEVIN GARDNER, by and through his attorney, Gerardo S. Gutierrez, and moves this Honorable Court *in limine* for an Order to preclude the government from introducing certain audio tape recordings at trial, and in support thereof states the following:

**Background:**

The defendant is charged in a multi-defendant, multi-count indictment with the sale and distribution of a controlled substance and conspiracy to sell and/or distribute heroin in violation of 21 U.S.C. Secs. 841(a) and 846. In preparation for trial, the government filed its motions *in limine* back on November 3, 2017. [#373] One of their requests concerned the "intercepted calls revealing a conflict between the Triplett DTO and [an unnamed] DTO selling drugs in a nearby area. At trial, the government intends to introduce that evidence as direct evidence (a) of the existence of the drug trafficking conspiracy charged in Count One and (b) that the possession of firearms was reasonably foreseeable to the defendants charged in Count Twenty." The government goes on to argue that these calls, particularly one between Levaughn Collins and Kevin Gardner,

constitute direct evidence of criminal conduct as charged in Counts 1 and 20 and not merely Rule 404(b) evidence of other crimes. Id. at 2; citing, United States v. Ferrell, 816 F.3d 433, 443 (7th Cir. 2015). But, they argued, if these recordings are considered as evidence of another crime, the government contends that under Rule 404(b) it is relevant to prove that a conspiracy existed between the Collins DTO and Mr. Gardner, or in the alternative the possession of firearms by Kevin Gardner was "reasonably foreseeable . . . as charged in Count Twenty." We disagree.

The recorded conversation is direct evidence of another, completely different crime and a thorough Rule 404(b) analysis suggests that evidence of an attempted murder should not be used to prove the existence of a drug conspiracy between Gardner and the Collins DTO or whether Mr. Gardner knew or should have known that a firearm would be involved or used in the sale of narcotics. Mr. Gardner is presently in the U.S. Marshal's custody and is awaiting trial, which is scheduled to begin on 8/5/2019 at 9:30 a.m. Most if not all of his co-defendants have pleaded guilty to these offenses. His motion *in limine* follows:

## Discussion and Analysis

Motion in Limine:   Barring Evidence of a recorded telephone call between Kevin Gardner and Levaughn Collins.

Pursuant to Federal Rule of Evidence 401, evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Jones v. City of Chicago, Slip Op 14 CV 4023 (N.D.IL J.St. Eve); Fed. R. Evid. 401; citing, United States v. Boros, 668 F.3d 901, 907 (7th Cir. 2012). Rule 401 defines relevance broadly. Id. See also, United States v. Boswell, 772 F.3d 469, 475 (7th Cir. 2014). Rule 402

2

"provides the corollary that, with certain exceptions, '[r]elevant evidence is admissible' and '[i]rrelevant evidence is not admissible.'" Id., Boros, 668 F.3d at 907. The Court, however, may exclude relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Id.; Fed. R. Evid. 403.

When considering Rule 403, courts use "a sliding scale approach: as the probative value increases, so does our tolerance of the risk of prejudice." Id., citing, Whitehead v. Bond, 680 F.3d 919, 930 (7th Cir. 2012). "Evidence is unduly prejudicial if it creates a genuine risk that the emotions of the jury will be excited to irrational behavior, and the risk is disproportionate to the probative value of the offered evidence." Id., citing, Morgan v. City of Chicago, 822 F.3d 317, 339 (7th Cir. 2016) (citation omitted).

Here there is no question that this conversation between Collins and Gardner is both unduly prejudicial as the "emotions of the jury will be excited to irrational behavior" and because it has absolutely nothing to do with either charges of conspiracy to possess and distribute heroin or possession of firearms in furtherance of the conspiracy as charged in Counts 1 and 20 respectively. Morgan v. City of Chicago, 822 F.3d 317, 339. It is a call made by Levaughn Collins to Kevin Gardner informing Gardner to drive by a certain location to determine if an individual is present at that location in his neighborhood. Gardner responds that he drove past that location, that the individual was present there and that by the look of things – the way he stood – he is most likely armed and dangerous. The trouble with the

3

government's theory is that it is not relevant to prove the existence of the Collins DTO because as they readily admit, this is relevant to prove the existence of the Triplett DTO, to which Kevin Gardner has absolutely no dealings with, was not alleged to be a member of, nor is he charged with having any ties whatsoever with any member of the Triplett DTO. So any evidence of this "crime" may be relevant in the broader sense of drug trafficking activity in general, and how DTO's operate to enforce their turf battles, including the use of guns, force, violence and intimidation – in general, but it is not material at all to Mr. Gardner in that the existence of the Triplett DTO is entirely irrelevant and immaterial to this defendant.

The government argues that Mr. Gardner giving details about another DTO to Levaughn Collins of the Collins DTO is relevant and material, not only to show the existence of a Collins DTO, of which Gardner is alleged to be a member, but that it also suggests Mr. Gardner's knowledge that guns would be used to enforce their own drug turf. But this is not what is being suggested. The recording is talking about whether these other gang bangers in the neighborhood are themselves armed. To which Gardner responds that it looks as though they are. This is clearly evidence that suggests a mere possibility that Gardner himself might be armed, but has nothing to do with the guns charged in Count 20, as guns belonging to the Collins DTO. Here no guns were ever found in Gardner's possession. Gardner denies that he ever had anything to do with or knew of the existence of a cache of arms tied to the Collins DTO. To effortlessly allow this evidence to be introduced at trial, either to show the existence of a Collins DTO, or that Gardner was a willing and knowing member of that DTO, or that guns were used by the Collins DTO to protect their hood and interests in protecting their drug trafficking

4

enterprise is grossly attenuated at best, and is more likely than not to bestow and engender unnecessary confusion or outrage among the jury members who are likely to confuse any evidence of an attempted murder as a plot by this defendant to protect the Triplett DTO. Indeed, and especially now that there are no remaining Triplett DTO members still challenging their indictment, the Court should not allow recordings of Kevin Gardner and Levaughn Collins that suggest an attempted murder since (a) this is clearly not a RICO case, (b) has the likelihood of unnecessarily confusing the jury or stirring its passions against Kevin Gardner, (c) is not material, since it goes to "proving" the existence of a Triplett DTO, and, more importantly (d) it is not relevant to prove the existence of some guns, other than the ones purported to be knowingly used in furtherance of the Collins DTO by Kevin Gardner. Nothing could be more damning and more irrelevant than the recorded conversation between Mr. Collins and Kevin Gardner about a potential attempted "hit" or attempted murder of a completely different gang member DTO on behalf of an uncharged DTO, at least as far as this defendant is concerned. In fact, as the government's pleadings describe, "Due to the nature of the previous phone calls and the imminent threat of violence, a traffic stop was conducted of the vehicle, Individual A and Triplett were in the vehicle but no weapon was recovered." Id. at 8. To incite the jury's passion with this recording would be to lower the government's burden of proof significantly and inappropriately as one has nothing to do with the other.

      WHEREFORE the defendant, through his attorney, respectfully prays this Honorable Court grant his *in limine* request pursuant to Rules 401, 402, 403 and 404(b) to preclude any playing of audio or video recordings, arguments or in-court discussion of

the "attempted murder," before any sitting jury member at trial.

                                                                         Respectfully submitted,

                                                                         S/ Gerardo S. Gutierrez, Esq.

GERARDO S. GUTIERREZ, Esq.
Attorney for Mr. Gardner
53 W. Jackson Blvd. Ste. 1651
Chicago, IL 60604
(312) 786-9970 fax (312) 786-9972